SHARTSIS FRIESE LLP
FRANK A. CIALONE (Bar #172816)
LISA A. JACOBS (Bar #230364)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: fcialone@sflaw.com; ljacobs@sflaw.com

JS-6

Attorneys for Plaintiff
HEARTLAND PAYMENT SYSTEMS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEARTLAND PAYMENT SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HONEYTREE BANKCARD SERVICES, INC., D/B/A HONEYTREE CREDIT CARD SERVICES, a California corporation,<br><br>Defendant. | Case No. CV 07-08241 DDP (PLAx)<br><br>**CONSENT DECREE**<br><br>Judge: Dean D. Pregerson<br><br>Complaint Filed: December 19, 2007 |

This case having come before this Court upon the Complaint,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter of this action and over Plaintiff Heartland Payment Systems, Inc. ("Heartland") and Defendant Honeytree Bankcard Services, Inc. d/b/a Honeytree Credit Card Services ("Honeytree"). Venue is proper in this Judicial District.

2. Heartland is a corporation duly organized and existing under the laws of the state of Delaware, having its principal place of business at 90 Nassau Street, Princeton, New Jersey. Heartland is engaged, among other things, in the business of processing electronically transmitted credit and debit card transactions of businesses ("Merchants") that accept payment for goods and

- 1 -

Case No.
CV07-8241 DDP (PLAx)   [PROPOSED] CONSENT DECREE

services through credit and debit cards.

3. Honeytree is a California corporation having its principal place of business in Los Angeles, California. Honeytree is also engaged in the business of processing electronically transmitted credit and debit card transactions of Merchants that accept payment for goods and services through credit and debit cards.

4. Honeytree was founded by Jang Won Seo, a former employee of Heartland. Honeytree currently employs Yong Kim and Ryan Yoo who were also former employees of Heartland.

5. Heartland has alleged causes of action against Honeytree for misappropriation and misuse of trade secrets, misappropriation of confidential information, unfair competition, false advertising, false designation of origin, interference with prospective economic advantage, interference with contractual relations, interference with employment relations and aiding and abetting breaches of fiduciary duties. Honeytree denied the allegations and raised affirmative defenses.

6. Heartland also filed suit against Jang Won Seo, Yong Kim and Ryan Yoo (collectively, the "New Jersey Defendants") in three related actions in the Superior Court of New Jersey, Law Division: Bergen County: *Heartland Payment Systems, Inc. v. Jang Won Seo*, Docket No. BER-L-8344-07; *Heartland Payment Systems, Inc. v. Yong Kim*, Docket No. BER-L-8341-07; and *Heartland Payment Systems, Inc. v. Ryan Yoo*, Docket No. BER-L-8339-07 (collectively, the "New Jersey Actions"). Heartland has alleged causes of action against each of the New Jersey Defendants for breach of contract, misappropriation of trade secrets, breach of duty of loyalty, tortious interference with contractual relationships, tortious interference with prospective economic advantage, unfair competition, breach of duty of good faith and fair dealing and attorneys' fees. The New Jersey Defendants each denied the allegations and raised affirmative defenses.

7. Heartland, Honeytree and the New Jersey Defendants have entered into a global Settlement Agreement effective as of February 19, 2009, a copy of which is attached hereto as Exhibit 1 and incorporated herein by reference. The Court has reviewed and approved the

Settlement Agreement.

8. Honeytree shall pay to Heartland the amount of $10,000 as compensation for a portion of the attorneys' fees incurred by Heartland related to the California and New Jersey Actions.

9. Honeytree, including its agents, servants, employees, representatives and/or those acting in concert with it, is hereby:

(a) ENJOINED from holding itself out as Heartland or representing in any way that it is affiliated with Heartland;

(b) ENJOINED from using the name "Heartland," "Heartland Payment Systems," or "HPS," or any other name, logo, or symbol associated with Heartland, on documents in connection with the solicitation of any merchants or customers, including but not limited to any use on business cards or marketing materials;

(c) ENJOINED, until October 18, 2011, from directly or indirectly, soliciting, enticing or inducing any Heartland merchant for which Mr. Seo has been paid compensation by Heartland or any new owner of a merchant location for which Mr. Seo has been paid compensation to (see Exhibit A to the Settlement Agreement) (i) become a merchant of Honeytree, or (ii) cease doing business with Heartland; and from aiding or assisting any person or entity in taking any action described in subsections (i) or (ii), except that this Order shall not apply to merchants which were processing with Honeytree as of February 1, 2009 (see Exhibit B to the Settlement Agreement);

(d) ENJOINED, until February 12, 2012, from directly or indirectly, soliciting, enticing or inducing any Heartland merchant for which Mr. Kim has been paid compensation by Heartland or any new owner of a merchant location for which Mr. Kim has been paid compensation (see Exhibit A to the Settlement Agreement) to (i) become a merchant of Honeytree, or (ii) cease doing business with Heartland; and from aiding or assisting any person or entity in taking any action described in subsections (i) or (ii), except that this Order shall not apply to merchants which were processing with Honeytree as of February 1, 2009 (see Exhibit B to the Settlement Agreement); and

(e) ENJOINED, until February 27, 2012, from directly or indirectly, soliciting, enticing or inducing any Heartland merchant for which Mr. Yoo has been paid compensation by Heartland or any new owner of a merchant location for which Mr. Yoo has been paid compensation (see Exhibit A to the Settlement Agreement) to (i) become a merchant of Honeytree, or (ii) cease doing business with Heartland; and from aiding or assisting any person or entity in taking any action described in subsections (i) or (ii), except that this Order shall not apply to merchants which were processing with Honeytree as of February 1, 2009 (see Exhibit B to the Settlement Agreement).

10. In the event any action is commenced by any party to the Settlement Agreement to enforce the provisions of the Settlement Agreement or this Consent Decree, the prevailing party shall be entitled to an award of its costs and expenses, including attorneys' fees, incurred in connection with such action in addition to any other claims or damages.

11. The failure of any party to enforce a clause of the Settlement Agreement or this Consent Decree from time to time shall not constitute a waiver of any other provision of the Settlement Agreement or this Consent Decree or any subsequent violation of the same provision of the Settlement Agreement or this Consent Decree, unless such waiver is in writing and signed by the other party. Any such written waiver relating to one provision of the Settlement Agreement or this Consent Decree shall not constitute a waiver of any other provision.

12. All claims pled by Heartland against Honeytree in this action are hereby dismissed with prejudice.

13. Notwithstanding the above dismissal, the Court reserves jurisdiction over this action for purposes of interpreting, implementing and enforcing the Settlement Agreement and this Consent Decree.

14. No other relief is granted hereby, the parties representing to the Court that all other matters of relief requested in the pleadings have been settled by this Consent Decree.

///

///

///

1  BY AND THROUGH THEIR ATTORNEYS, THE PARTIES HEREBY CONSENT TO
2  THIS ORDER.

3
4  DATED: _____, 2009          FINNEGAN & DIBA

5
6                                      By: /S/ Kasey Diba
                                            KASEY DIBA

7  Attorneys for Defendant
8  HONEYTREE BANKCARD SERVICES, INC.

9  DATED: _____, 2009          SHARTSIS FRIESE LLP
10
11                                     By: /s/ Lisa A. Jacobs
12                                          LISA A. JACOBS

13 Attorneys for Plaintiff
   HEARTLAND PAYMENT SYSTEMS, INC.
14
15    IT IS SO ORDERED.
16
17 Dated:  June 24, 2009
18                                     Hon. Dean D. Pregerson
                                       UNITED STATES DISTRICT JUDGE
19
20
21
22
23
24
25
26
27
28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 5 -
Case No.                    [PROPOSED] CONSENT DECREE
CV07-8241 DDP (PLAx)